as applying in any situation when a noteholder has been promised payments of any kind under a note and must take action to enforce that promise. After the Offer Letter amended the Notes, the Noteholders were due not just principal and interest, but also the Extension Warrants. In our view, Preferred Communication's attempt to narrow the plain words of the promise it made to the Noteholders is unconvincing and requires us to carve out exceptions to the unambiguous terms of Section 6.2. Furthermore, when Preferred Communication entered into the settlement agreement with the Noteholders in resolving the Texas litigation, at no point did it suggest that by separating the claim for the Extension Warrants from the claims for principal and interest that the Noteholders would lose the ability to secure their attorneys' fees. Indeed, the settlement agreement itself stipulated that none of the releases or dismissals in the agreement had any effect on "any claim by the [Noteholders] for future *collection costs* incurred with respect to their outstanding claims for warrants." [30]

In any event, Preferred Communication is also poorly positioned to argue this point for another reason. The undisputed record indicates that Preferred Communication drafted both the Notes and the Offer Letter that amended the Notes without negotiating with the Noteholders. Even if the Notes, as amended by the Offer Letter, are somehow ambiguous, the Noteholders have offered a reasonable interpretation of Section 6.2 that supports an award of fees to them. Because any ambiguity must be resolved against Preferred Communication, Preferred Communication would still owe the Noteholders their attorneys' fees and costs even if its reading of Section 6.2 was plausible. [31]

For the foregoing reasons, the judgment of the Court of Chancery is reversed and the matter is remanded to the Court of Chancery to enter an award of attorneys' fees for the fees incurred in litigating the merits of the case plus the fees incurred in litigating the fee request.

**Harold R. EDWARDS, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 32, 2016**

Supreme Court of Delaware.

Submitted: November 28, 2016

Decided: February 27, 2017

Court Below—Superior Court of the State of Delaware, Cr. ID No. 1405023636

GRANTED. AFFIRMED.

---

**30.** App. to Appellant's Opening Br. at A160 (Settlement Agreement) (emphasis added). Notably, Preferred Communication suggested at oral argument that had the claim for the Extension Warrants not been separated from the claims for principal and interest, the Noteholders may have been able to collect all of their attorneys' fees because it would have been difficult for a court to carve out the fees attributable to the Extension Warrants and a court may have been unwilling to do so. Oral Argument at 19:20.

**31.** *See Bank of N.Y. Mellon v. Commerzbank Capital Funding Trust II*, 65 A.3d 539, 551 (Del. 2013) (noting that ambiguities in a contract will be resolved against the drafter).