# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
)
v. ) I.D. No. 1405023636
)
)
HAROLD EDWARDS )
)
Defendant. )

Submitted: September 20, 2018
Decided: October 12, 2018

*Upon Defendant Harold Edwards' Motion for Postconviction Relief*
**DENIED.**

*Upon Benjamin S. Gifford, IV, Esquire's Motion to Withdraw as Counsel for*
*Petitioner Harold Edwards*
**GRANTED.**

## <u>ORDER</u>

Danielle Brennan, Esquire, Deputy Attorney General, Christina Kontis, Esquire, Deputy Attorney General, Department of Justice, Carvel State Office Building, 820 N. French Street, Wilmington, DE 19801, Attorneys for State of Delaware.

Benjamin S. Gifford, IV, Esquire, 14 Ashley Place, Wilmington, DE 19804, Attorney for Harold Edwards.

**WHARTON, J.**

This 12th day of October, 2018, upon consideration of Defendant Harold Edwards' Motion for Postconviction Relief,[1] the Motion to Withdraw as Counsel for Petitioner Harold Edwards of Benjamin S. Gifford, IV, Esquire,[2] and the record in this matter, it appears to the Court that:

1.      Defendant Harold Edwards ("Edwards") was found guilty by a jury of robbery in the first degree (two counts), shoplifting under $1,500 (three counts) and forgery in the second degree.[3]   The Court sentenced Edwards to 17 years of unsuspended incarceration, followed by decreasing levels of supervision.[4] Edwards' convictions were affirmed on direct appeal to the Delaware Supreme Court on February 27, 2017.[5]

2.      Edwards *pro se* Motion for Postconviction Relief ("Motion") pursuant to Superior Court Criminal Rule 61 was filed timely on April 5, 2017.[6] The Motion raises two issues of ineffective assistance of counsel and one issue claiming that both the Superior Court and the Supreme Court failed to conduct the necessary three-pronged test to determine whether the State improperly struck a black prospective juror.[7]

---

[1] D.I. 57.
[2] D.I. 71.
[3] D.I. 39.
[4] D.I. 43.
[5] *Edwards v. State,* 2017 WL 772498 (Del., Feb. 27, 2017).
[6] D.I. 57.
[7] *Id.*

3. On April 20, 2017, at Edwards' request, the Court ordered the Office of Conflict Counsel to appoint counsel for him.[8] On December 13, 2017, Benjamin S. Gifford, IV, Esquire was appointed to represent Edwards.[9]

4. On August 15 2017, Mr. Gifford filed a Motion to Withdraw as Counsel for Petitioner Harold Edwards ("Motion to Withdraw"), certifying that he could not ethically advance the claims Edwards raised in his Motion, nor, after reviewing the record, could he identify any meritorious claims.[10] On August 21, the Court advised Edwards that he had 30 days to respond to the Motion to Withdraw.[11] Edwards did not submit a response.

5. Edwards' Motion raises three claims for relief. The first alleges that trial counsel was ineffective in failing to raise a *Batson* challenge to the State's exercise of peremptory challenges to strike black jurors. The second alleges that trial counsel was ineffective in failing to conduct pretrial discovery and investigation into evidence the State had lost, presumably a video related to one of the robbery incidents and a police officer's interview notes. The third claim alleges that neither the Superior Court, nor the Supreme Court conducted the necessary three-pronged test required under *Batson* to determine whether the State had improperly used a peremptory challenge to strike a black juror.[12]

---

[8] D.I. 60.
[9] D.I. 65.
[10] D.I. 71.
[11] D.I. 73.
[12] D.I. 57 at 3.

6. Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[13] A motion is considered repetitive and therefore barred if it asserts any ground for relief "not asserted in a prior post-conviction proceeding."[14] Repetitive motions are only considered if it is "warranted in the interest of justice."[15] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[16] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[17] Former adjudications are only reconsidered if "warranted in the interest of justice."[18] Before addressing the merits of Edwards' postconviction motion, the Court must first apply

---

[13] Super. Ct. Crim. R. 61(i)(1).
[14] Super. Ct. Crim. R. 61(i)(2).
[15] *Id.*
[16] Super. Ct. Crim. R. 61(i)(3).
[17] Super. Ct. Crim. R. 61(i)(4).
[18] *Id.*

the procedural bars of Superior Court Criminal Rule 61 (i).[19] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[20]

7. The Court finds that the Motion is a timely first motion for postconviction relief alleging ineffective assistance of counsel, and is not otherwise procedurally defaulted. Because the third claim is related to a claim of ineffective assistance of counsel, the Court will consider all three claims on their merits.

8. To successfully bring an ineffective assistance of counsel claim, a claimant must demonstrate: (1) that counsel's performance was deficient; and (2) that the deficiencies prejudiced the claimant by depriving him or her of a fair trial with reliable results.[21] To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[22] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[23] "[A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[24] A successful Sixth Amendment claim of ineffective assistance of counsel requires a showing "that there is a reasonable probability that,

[19] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[20] *Id.*
[21] *Id.*
[22] *Id.* at 667-668.
[23] *Wright v. State,* 671 A.2d 1353, 1356 (Del. 1996).
[24] *Strickland v. Washington,* 446 U.S. 668, 689 (1984).

5

but for counsel's unprofessional errors, the result of the proceeding would have been different."[25]

9. On appeal, trial counsel filed a no-merit brief and a motion to withdraw under Supreme Court Rule 26(c).[26] When the Supreme Court reviews a motion to withdraw and the 26(c) brief, it must be satisfied that appellant's counsel made a conscientious examination of the record and law for arguable claims.[27] Further, the Supreme Court must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without any adversary presentation."[28] In performing this task, and "having conducted 'a full examination of all the proceedings' and found 'no nonfrivilous issue for appeal,'" the Supreme Court was satisfied that "Edwards' appellate counsel made a conscientious effort to examine the record and the law and properly determined that Edwards could not raise a meritorious claim on appeal."[29] Thus, the Supreme Court, having reviewed the record, did not see any arguable substantive merit to Edwards' claims about the State's exercise of its peremptory challenges or the lost evidence.

10. The foregoing has implications for Edwards' ineffectiveness claims against trial counsel. To the extent there is no merit to the underlying *Batson* or lost evidence claims, it is difficult to see how trial counsel's failure to raise them by way of

---

[25] *Id.* at 694.
[26] *Edwards v. State* at *1.
[27] *Id.*
[28] *Id.* quoting *Penson v. Ohio,* 488 U.S. 75, 82 (1988).
[29] *Id.* quoting *Penson* at 80.

objection or pretrial investigation constituted performance deficiency or resulted in prejudice to Edwards. Nonetheless, Court will review the claims as presented here.

11. The Court first addresses Edwards' claims related to the State's exercise of its peremptory challenges. In his Motion to Withdraw, postconviction counsel observes that five of the first twelve potential jurors called to the jury box were black.[30] The State exercised only five of its six peremptory challenges – two to strike black jurors and three to strike white jurors.[31] It appears that the State struck one of the black jurors because of an undisclosed driving under the influence conviction.[32] Accordingly, trial counsel was aware that the State had struck this juror for a race-neutral reason. Consistent with routine practice, the State was not obliged to provide an explanation why it struck the other black juror or the three white jurors. It further appears that the defense used two of the five peremptory challenges it exercised to strike black female jurors – Annette Howard-Graves and Monisha Lloyd.[33]

12. *Batson v. Kentucky* prohibits the exercise of peremptory challenges solely on the basis of race.[34] In *Robertson v. State,* Delaware recognized that *Batson* sets out a three-part test for analyzing claims that the State improperly exercised a peremptory challenge on the basis of race.[35] Under that analysis, a defendant bears

---

[30] Mot. to Withdraw, D.I. 71 at 11.
[31] *Id.* at 12.
[32] *Id.* n. 47.
[33] Appx. to Mot. to Withdraw, D.I. 72 at A30, A47, A49.
[34] 476 U.S. 79, 89 (1986).
[35] 630 A.2d 1084, 1089 (Del. 1993).

7

the initial burden of making a *prima facie* showing that the prosecutor exercised a peremptory challenge on the basis of race.[36] Only after that *prima facie* showing has been made does the burden shift to the prosecutor to proffer a race neutral basis for the strike.[37] Finally, the Court then determines whether the defendant has met his burden of establishing purposeful discrimination.[38] It is obvious to the Court, based on the record of jury selection, that had trial counsel attempted to make a *prima facie* showing that the State exercised its one unexplained peremptory challenge of a black juror on the basis of race, that effort would have failed for want of any factual support. The failure to make a *prima facie* showing would have ended the *Batson* inquiry at the first prong of the analysis. For that reason, Edwards can show neither performance deficiency, nor prejudice, both of which he must establish under *Strickland* in order to succeed on his ineffective assistance of counsel claim based on *Batson*. For the same reason, there was no basis for either this Court or the Supreme Court to conduct a full three-part *Batson* analysis *sua sponte*.

13. Edwards other claim of ineffective assistance of counsel argues that trial counsel was ineffective in "failing to perform any pretrial discovery and investigation of lost evidence related to movant's defense at trial."[39] Presumably, this claim relates to the State's failure to preserve a surveillance video of one of the incidents and its

---

[36] *Id.*
[37] *Id.*
[38] *Id.*
[39] D.I. 57 at 3.

8

failure to preserve a police officer's interview notes. These claims were addressed in a somewhat different context on appeal. The Supreme Court held that Edwards was not prejudiced by the missing notes, since they were immaterial to Edwards' guilt or innocence and would have added little to his defense.[40] With respect to the missing surveillance video, the Supreme Court held that this Court instructed the jury appropriately that the jury should assume that the missing video would have been exculpatory.[41] Since the missing evidence was solely within the State's custody and control, it is difficult to envision how trial counsel can be faulted for the State's failure to preserve evidence, or how "pretrial discovery or investigation" of the lost evidence would have aided Edwards' cause to a greater degree than the missing evidence instruction the Court gave. Again, the Court finds that Edwards has met neither the performance prong, nor the prejudice prong of *Strickland.*

**THEREFORE,** Defendant Harold Edwards' Motion for Postconviction Relief is **DENIED.** The Motion of Benjamin S. Gifford, IV, Esquire to Withdraw as Counsel for Petitioner Harold Edwards is **GRANTED.**

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

---

[40] *Edwards v. State* at 6-8.
[41] *Id.*