# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | |
| | ) | ID No.      2212001152B |
| CORNELIUS ARCHY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Date Submitted: February 18, 2025
Date Decided: May 7, 2025

## MEMORANDUM OPINION

*Upon Defendant Cornelius Archy's Motion for Postconviction Relief*:
**DENIED.**

Jillian L. Schroeder, Esq., Delaware Department of Justice, 820 N. French Street, 7th Floor, Wilmington, DE 19801.  Attorney for the State.

Cornelius Archy, SBI# 00496480, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977. *Pro se.*

**Butler, R.J.**

# I.    INTRODUCTION

On December 3, 2022, Defendant Cornelius Archy ("Archy") was stopped in a car that did not have its headlights on.[1]  When the car stopped, police watched the driver (Archy) climb into the back seat of the car while the front passenger (Archy's ex-wife Kimysha) slide over into the driver's seat.[2]

On speaking with Kimysha, now in the driver's seat, officers smelled the odor of marijuana.[3]  They requested she exit the car.[4]  Kimysha admitted she smoked marijuana earlier in the day.[5]  When officers asked her where marijuana would be found in the car if she had any, she pointed to the driver's side door.[6]  The officers searched the car.[7]

There was indeed marijuana in the driver's side door.[8]  In the back of the car, behind the driver's seat, officers found a black duffle bag containing more

---

[1] D.I. 21 ¶ 3.

[2] *Id.*

[3] *Id.* ¶ 4.

[4] *Id.*

[5] *Id.*

[6] D.I. 49 at 2.

[7] D.I. 21 ¶ 4.

[8] *Id.* ¶ 5.

marijuana, a firearm, and two magazines as well as two forms of identification, a bank card, and paperwork all belonging to Archy.[9]

After trial on these facts, a jury found Archy guilty of Possession of a Firearm by a Person Prohibited and Possession of Ammunition by a Person Prohibited ("PFBPP/PABPP").[10] The State filed a Habitual Offender motion with respect to the PFBPP count, carrying a 15 year maximum sentence, and on June 17, 2024, the Court imposed 15 years on that count.[11] As to the PABPP count, the Court imposed 6 months at Level IV DOC Discretion, followed by 1 year Level III.[12] Archy did not file a direct appeal. Archy has now filed a *pro se* Motion for Postconviction Relief ("PCR Motion").[13] Archy's PCR Motion asserts 2 claims, 1) actual innocence based on new evidence, and 2) ineffective assistance of counsel.[14]

---

[9] *Id*. There was also men's clothing found in the duffle bag.

[10] D.I. 7.

[11] D.I. 9; 11 *Del. C.* § 1448(c) (classifying the PFBPP charge as a Class C felony); 11 Del. C. § 4205(b)(3) (setting the statutory maximum for a Class C felony at 15 years Level V); D.I. 26. By the terms of 11 *Del. C.* § 4214(d), the Court must impose the statutory maximum sentence for habitual offenders who meet the definition.

[12] D.I. 26.

[13] D.I. 27. Archy has filed 2 amendments to his original PCR motion. *See* D.I. 35; D.I. 40.

[14] D.I. 40.

3

## II. DISCUSSION

Delaware Superior Court Criminal Rule 61 ("Rule 61") sets forth the rules for permitting a defendant to collaterally attack his conviction in state court.[15]

## A. Actual Innocence Based on New Evidence

*Purnell v. State*[16] was a case that dealt with the question of "actual innocence" in the context of a collateral review under Rule 61. According to the *Purnell* Court:

> Satisfying the actual innocence test is, by design, a heavy burden, and such meritorious claims are exceedingly rare. Under both <u>Lloyd</u> and <u>Schlup</u>, a defendant must present additional evidence that was not available at trial and would not have been despite the defendant's exercise of due diligence, thus making it "new." That new evidence must speak with such persuasive force as to convince the reviewing court that, when considered in the context of all the relevant evidence by a properly instructed jury, it is such as will probably change the result if a new trial were granted.[17]

To show that evidence is "new," the evidence must have been "discovered since trial, and the circumstances must be such as to indicate that it could not have been discovered before trial with due diligence."[18] The relevant inquiry is whether Archy could have obtained and presented the evidence of his innocence at trial with

---

[15] Del. Super. Ct. Crim. R. 61(a)(1).

[16] *Purnell v. State*, 254 A.3d 1053 (Del. 2021).

[17] *Id*. at 1100 (*citing Schlup v. Delo*, 513 U.S. 298, at 324 (1995)); *See also Lloyd v. State*, 534 A.2d 1262 (Del. 1987).

[18] *Id*. at 1097 (*quoting Lloyd*, 534 A.2d at 1267).

4

the exercise of due diligence.[19]

In his PCR Motion, Archy provided a notarized affidavit sworn to by himself.[20] He notably did not provide one by Kimysha.

In his affidavit, Archy merely recounts the events leading up to his arrest.[21] He reveals nothing new or notable. Had he been so inclined, he could have testified to all of these facts at trial. Apparently, he was not so inclined.

Moreover, to show that the new evidence "will probably change the result if a new trial is granted," the "necessary showing is substantially more than [a] mere 'reasonable probability' . . . ."[22] To show the evidence is not merely cumulative or impeaching, new evidence must attack "the credibility of the witness in the case at bar specifically, rather than impeaching the witness's credibility in general."[23]

Archy's affidavit is self-serving and contradicted by the physical and testimonial evidence offered at trial. It does not attack "the credibility of the witness[es] in the case at bar" and does not warrant a new trial.

---

[19] *Id.* at 1100.

[20] D.I. 45.

[21] *Id.*

[22] *Purnell*, 254 A.3d at 1098.

[23] *Id.* at 1099 (*citing State v. Young*, 1982 Del. Super. LEXIS 1062 (Del. Super. Oct. 4, 1982)). *Young* was discussed approvingly in *Hicks*. *See Purnell,* 254 A.3d at 1099 n.216; *Hicks v. State*, 913 A.2d 1189, 1195 (Del. 2006).

**B.    Ineffective Assistance of Counsel – Trial Counsel's Performance Did Not Prejudice the Defense**

Archy argues he was denied effective assistance of counsel because Trial Counsel failed to: 1) file a motion for judgment of acquittal, 2) ask a witness a specific question at trial, 3) file a motion to dismiss, 4) file a motion for suppression of evidence, and 5) ask for a jury instruction on possession at trial.[24]

To prevail on a claim of ineffective assistance of counsel, a defendant must establish two things: 1) counsel's performance prejudiced the defense, and 2) counsel's performance was deficient.[25] "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable."[26]

*1.    A Motion for Judgment of Acquittal Would Have Been Futile*

The standard for a motion for judgment of acquittal is "whether any rational trier of fact, viewing the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the State, could find the defendant guilty beyond a reasonable doubt of all the elements of the crime."[27]    Trial Counsel

---

[24] D.I. 35 at 4; D.I. 40 at 3; D.I. 45 at 10; D.I. 51 at 3; D.I. 53 at 7; D.I. 56 at 7-8; D.I. 57 at 6.

[25] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[26] *Id*.

[27] *Hopkins v. State*, 293 A.3d 145, 150 (Del. 2023) (*citing Ways v. State*, 199 A.3d 101, 106-107 (Del. 2018)).

correctly attests that in a light most favorable to the State, the evidence supported a guilty verdict, so there was no basis to file a motion.[28] Trial Counsel's election not to file a motion for judgment of acquittal did not prejudice the defense. There was no reasonable probability that such a motion would have been granted.

> 2. *Archy Was Not Prejudiced by Trial Counsel Not Asking Kimysha if She Possessed the Gun During Cross-Examination*

Archy argues Trial Counsel was ineffective because he failed to cross-examine Kimysha on whether she was in possession of the firearm.[29] In fact, however, at trial, Kimysha was called by the State and testified that the gun *was* hers and that she placed it in her own leopard-print duffle bag, not Archy's black duffle bag where police said they found it.[30]

It is easy enough, in hindsight, to imagine questions Trial Counsel might have asked. But cross examining an ex-wife, who is now a State's witness, over who possessed a gun found in a car where there were only two occupants seems fraught. If Kimysha said she was not in possession, that leaves only the Defendant. And if she said she was in possession, that does not negate a jury finding joint possession, thus leaving counsel with at least as much to lose as to gain by getting the question

---

[28] D.I. 38 at 2. The firearm and ammunition being found in Archy's duffle bag was circumstantial evidence that Archy knowingly possessed or controlled those items.

[29] D.I. 45 at 13-14. *See also* D.I. 35 at 4; D.I. 40 at 3.

[30] D.I. 50 ("Trial Counsel cross-examined Kimysha Archy during trial"); D.I. 21 ¶ 6.

7

answered.  Indeed, Trial Counsel recounted just such a dilemma in his affidavit.[31]

In any event, the Court is not impressed that an answer to this question, either way, would have undermined confidence in the outcome of the trial and whether asked or not, there is not a sufficient showing of prejudice to warrant relief.

### 3.  *Archy Was Not Prejudiced by Trial Counsel Not Filing a Motion to Dismiss*

Archy argues he was denied effective assistance of counsel because Trial Counsel did not move to dismiss in light of the police destruction of exculpatory DNA and fingerprint evidence.[32]  This claim stems from the fact that the police inadvertently destroyed fingerprint evidence when an officer filled out a request form incorrectly.[33]  But Archy vastly overstates the remedy to be applied in the face of missing evidence.  In such cases, "[i]f circumstances warrant it, the court will instruct the jury that the defendant is entitled to an inference that the missing

---

[31] D.I. 49 at 4.

[32] D.I. 45 at 13.  Archy also makes 4 other arguments to support his claim that Trial Counsel was ineffective for failing to file a motion to dismiss, however, the Court will not address these arguments at length.  First, Archy argues the police did not issue a ticket for driving with no headlights.  *See* D.I. 45 at 13.  Kimysha was indeed charged for failing to have the headlights illuminated while driving.  *See* D.I. 50 at 8.  Second, Archy argues body worn camera shows police did not receive consent to search the car.  *See* D.I. 45 at 13.  Police had probable cause to search the car, so consent is irrelevant.  *See infra* Section II(B)(4).  Third, Archy argues there was a lack of evidence.  *See* D.I. 45 at 13.  There was sufficient evidence for a reasonable fact finder to find Archy guilty of the person not to possess charges.  *See supra* Section II(B)(1).  Fourth, Archy argues "a witness pled guilty to concealed carry of a deadly weapon."  *See* D.I. 45 at 13.  Kimysha only pled to a civil violation of possession of marijuana which would not warrant dismissal of Archy's case.  *See* D.I. 50 at 8.

[33] D.I. 49 at 3.

8

evidence would have been exculpatory."[34] Dismissal is not the remedy for a failure to preserve evidence that is not accompanied by some evidence of a deliberate attempt to "frame" the accused.[35]

Here, there was no such evidence. Instead, the fingerprint evidence was inadvertently destroyed.[36] The jury was given a missing evidence instruction in Archy's case.[37] Archy got what he was entitled to. He was not prejudiced.

4. *Archy Was Not Prejudiced by Trial Counsel Not Filing a Motion to Suppress*

Archy argues he was denied effective assistance of counsel because Trial Counsel failed to file a motion for suppression of evidence.[38] Trial Counsel confirmed he did not file a motion for suppression of evidence, but states "there was no basis to do so."[39]

"Use or consumption of marijuana in a moving vehicle is a misdemeanor."[40]

---

[34] *Edwards v. State*, 2017 WL 772498, at *3 (Del. Feb. 27, 2017).

[35] *Lolly v. State*, 611 A.2d 956, 961 (Del. 1992) ("Once it has been established that the State must bear responsibility for the loss of material evidence, an appropriate jury instruction is required as a matter of due process under the Delaware Constitution.") (*citing Hammond v. State*, 569 A.2d 81, 90 (Del. 1989)).

[36] D.I. 49 at 3

[37] D.I. 34 at 9; D.I. 49 at 3; D.I. 50 at 8.

[38] D.I. 40 at 3. *See also* D.I. 45 at 11-12; D.I. 51 at 3; D.I. 53 at 7; D.I. 56 at 7-8; D.I. 57 at 6.

[39] D.I. 49 at 1. Trial Counsel specifically contends that police legitimately performed a car stop and there was probable cause for the search of the car. D.I. 49 at 1-2.

[40] *Valentine v. State,* 2019 WL 1178765, at *2 (Del. Mar. 12, 2019) (*citing* 16 *Del. C.* § 4764(d)).

"[P]olice may lawfully search a vehicle without a warrant if they have probable cause to believe that the automobile contains contraband or evidence of criminal activity."[41]

Moreover, the search of Kimysha's car was not based solely on the odor of marijuana. In addition to the odor, police watched Archy engage in evasive maneuvering, climbing into the backseat to avoid being identified as the driver and then pretending to be asleep, and Kimysha admitted that there was marijuana in the vehicle.[42] Delaware jurisprudence sustains the search of a vehicle on similar facts.[43]

Because the police had probable cause to search the car, had Trial Counsel filed a motion for suppression of evidence, it would have been denied. Therefore, Trial Counsel's decision to not file a motion to suppress did not prejudice the defense.

5. *Archy Was Not Prejudiced Because the Jury was Indeed Instructed on Possession*

Lastly, Archy argues he was denied effective assistance of counsel because

---

[41] *Milner v. State*, 2024 WL 853694, at *4 (Del. Feb. 28, 2024).

[42] D.I. 21; D.I. 49.

[43] *Valentine*, 2019 WL 1178765, at *2 ("The totality of the circumstances, including Valentine's speed (32 miles per hour above the speed limit), the time of day (1 a.m.), and the odor gave Lawson probable cause to believe that Valentine's car contained contraband, in particular, marijuana."); *Milner*, 2024 WL 853694, at *5 ("We conclude that, as in Valentine, the search of Milner's vehicle was based on more than solely the odor of marijuana, including the fact that Milner was the driver and sole occupant of the vehicle; the dialogue regarding the smell; and the fact that Milner only slightly lowered the window when Officer Ieradi approached the vehicle.").

Trial Counsel did not seek jury instructions on actual or constructive possession.[44] Archy's argument is simply incorrect. The jury was instructed on actual and constructive possession.[45] Archy's defense was clearly not prejudiced by a jury instruction that was given.

## III. CONCLUSION

Based upon the analysis above, Archy's claims of actual innocence based on new evidence and ineffective assistance of counsel are without merit and this motion will be **DENIED**.

**IT IS SO ORDERED.**

/s/ Charles E. Butler
Charles E. Butler, Resident Judge

cc:     Original to Prothonotary

---

[44] D.I. 45 at 12. *See also* D.I. 40 at 3.

[45] D.I. 5 at 4-5.